UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ILLINOIS TOOL WORKS INC., on behalf of its ITW GLOBAL BRANDS division, <br><br> Plaintiff, <br><br> v. <br><br> RUST-OLEUM CORPORATION and WIPE NEW, LLC, <br><br> Defendants. | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR FALSE ADVERTISING

This is a suit by Plaintiff Illinois Tool Works Inc., on behalf of its ITW Global Brands division, ("ITW") against Defendant Rust-Oleum Corporation and Wipe New, LLC (collectively "Defendants") for violations of the federal Lanham Act, 15 U.S.C. § 1125(a).

### INTRODUCTION

1. ITW Global Brands sells numerous car care products, including the industry-leading RAIN-X water repellent for vehicle windshields and exterior glass.

2. Recently, Defendants started to sell a water repellent for vehicle windshields named RainBrella. Defendants' RainBrella product competes directly with ITW's RAIN-X products, a fact which Defendants emphasize in their advertising. Defendants' advertising for this new product, however, contains literally false and misleading claims.

3. First, Defendants claim that RainBrella "Lasts 2X Longer Than RAIN-X®" or simply claim that it "Lasts 2X Longer" than "the leading competitor," which is a reference to ITW's RAIN-X product. This claim is literally false, as proven by ITW testing of the products.

Further, Defendants' testing of the products contains several significant flaws, and therefore does not substantiate Defendants' comparative advertising claim.

4.  Second, Defendants claim that RainBrella "Lasts Over 100 Car Washes." This claim is false and misleading, as it implies that the RainBrella product lasts for as long as it takes an average consumer to obtain 100 car washes. In fact, Defendants cannot substantiate this reasonable interpretation of their claim.

5.  Accordingly, ITW brings this false advertising case, as Defendants' false and misleading advertising claims about RainBrella impact sales of ITW's RAIN-X products, and have harmed and are likely to continue to harm the reputation of ITW's RAIN-X products.

## PARTIES

6.  Plaintiff, Illinois Tool Works Inc., is a Delaware corporation. ITW Global Brands is a division of Illinois Tool Works Inc. ITW Global Brands has its principal place of business at 16200 Park Row Drive, Suite 120, Houston, Texas.

7.  On information and belief, Defendant Rust-Oleum Corporation is a Delaware corporation with its principal place of business at 11 Hawthorne Parkway, Vernon Hills, Illinois.

8.  On information and belief, Defendant Wipe New, LLC, is a Virginia limited liability company with its principal place of business at 945 Seahawk Circle, Virginia Beach, Virginia.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction because this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq*. (the "Lanham Act"), and jurisdiction is specifically conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

10.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and because ITW Global Brands has its principal place of business in this judicial district.

## **FACTS**

### ITW and Its Market-Leading RAIN-X Windshield Glass Water Repellent

11.     Since 1970, ITW and its predecessors in interest have sold RAIN-X windshield and exterior glass water repellent products in the United States.  When applied to a vehicle's windshield, RAIN-X improves a driver's visibility in wet driving conditions.  It also helps remove frost, ice, salt, mud, and bugs from a vehicle's windshield.  ITW sells its RAIN-X windshield and exterior glass water repellent as a spray, squeeze bottle, and as wipes.

12.     ITW sells millions of dollars of RAIN-X windshield and exterior glass water repellent annually in the United States, and spends substantial sums marketing, advertising, and promoting its RAIN-X products.

13.     On account of ITW's substantial sales and advertising of its RAIN-X products for over forty years, RAIN-X has become the market-leading brand of vehicle windshield and exterior glass water repellent in the United States.

### Defendants' False Claims Regarding Its New RainBrella Windshield and Exterior Glass Water Repellent

14.     On information and belief, in November 2016, Defendants started to sell its RainBrella windshield treatment product.  Defendants' RainBrella product is sold as a wipe and directly competes with ITW's RAIN-X products.

15.     Defendants advertise RainBrella as a competing product to RAIN-X and make the comparative claim that the product "Lasts 2X Longer Than RAIN-X®" and "Lasts 2X Longer"

than "the leading competitor." Defendants intend the phrase "the leading competitor" to refer to RAIN-X.

than "the leading competitor." Defendants intend the phrase "the leading competitor" to refer to RAIN-X.

16. Defendants' "Lasts 2X Longer" claim appears: (a) on the product packaging for RainBrella (see attached Exhibit A); (b) on the website promoting RainBrella at http://www.wipenew.com/wipe-new-rainbrella (see attached Exhibit B); and (c) in three spots during a commercial for the product available on Defendants' website, as well as on YouTube at https://www.youtube.com/watch?v=U-qz3uhrjZM (screen shots of which are in the attached Exhibit C).

17. Media reports about RainBrella have repeated Defendants' "Lasts 2X Longer" claim. For example, a review of the product aired on the local news of the CBS station WHNT in the Tennessee Valley area in northern Alabama, and in this review the reporter mentioned Defendants' "Lasts 2X Longer" claim. This review was posted to YouTube on March 29, 2017, by the WHNT reporter who did the review. *See* https://www.youtube.com/watch?v=8isgWIH0IpA.

18. Defendants' "Lasts 2X Longer" claim is literally false. ITW conducted wiper blade abrasion tests comparing its RAIN-X windshield and exterior glass water repellent to Defendants' RainBrella windshield water repellent. ITW's wiper blade abrasion tests revealed that RAIN-X outlasted RainBrella, not the other way around.

19. Defendants also make the unqualified claim that RainBrella "Lasts Over 100 Car Washes" on the front of the product packaging (see Exhibit A), as well as on their aforementioned website and commercial (see Exhibits B and C). This claim is false and misleading, in that: (a) Defendants' RainBrella product does not last for as long as it takes for

the average consumer to wash his/her car 100 times; and (b) any substantiation Defendants may have would not replicate actual consumer experience or normal driving conditions.

### Harm to ITW

20. As a result of Defendants' aforementioned acts of false and misleading advertising, the parties' customers and potential customers are likely to be deceived as to the nature and performance of Defendants' RainBrella product, as well as the nature and performance of ITW's RAIN-X products. Defendants' false and misleading advertising have caused and will continue to cause irreparable harm to ITW and to the goodwill and reputation it owns in its RAIN-X products, and have caused and will continued to cause ITW to lose sales of its RAIN-X windshield and exterior glass water repellent products.

### **COUNT I**

### **FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)**

21. ITW repeats and realleges the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22. Defendants have made and continue to make literally false comparative advertising claims that their RainBrella product "Lasts 2X Longer Than RAIN-X®" or "Lasts 2X Longer" than "the leading competitor," which is a reference to ITW's RAIN-X product.

23. Defendants' claim has actually deceived, has a tendency to deceive, and/or is likely to deceive consumers.

24. The resulting deception caused by the Defendants' claim is material, in that the Defendants' claim is likely to influence the purchasing decision of purchasers of windshield water repellents.

25. Defendants have disseminated their false and misleading adverting claim throughout the United States, and have therefore made this claim in interstate commerce.

26. Such commercial advertising by Defendants constitutes false statements of fact that misrepresent the nature, qualities, and characteristics of their RainBrella product in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27. As a direct and proximate result of these actions, ITW has suffered and is likely to continue to suffer significant monetary damages and discernible competitive injury by the direct diversion of sales from ITW and a loss of goodwill associated with ITW's RAIN-X product.

28. Defendants' false advertising is knowing and willful.

29. ITW has suffered and is likely to continue to suffer irreparable injury, and thus is entitled to injunctive relief.  ITW is also entitled to the recovery of all available damages, attorneys' fees, costs, and Defendants' profits.

30. This is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT II

### FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

31. ITW repeats and re-alleges the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

32. Defendants' claim that RainBrella "Lasts Over 100 Car Washes" is misleading, as a reasonable interpretation of this claim is that RainBrella lasts as long as it takes an average consumer to wash his/her car 100 times.  Defendants cannot substantiate this reasonable interpretation, and any substantiation Defendants may have would not replicate actual consumer experience or normal driving conditions.

33. Defendants' claim has actually deceived, has a tendency to deceive, and/or is likely to deceive consumers.

34. The resulting deception caused by the Defendants' claim is material, in that the Defendants' claim is likely to influence the purchasing decision of purchasers of windshield water repellents.

35. Defendants have disseminated their false and misleading adverting claim throughout the United States, and have therefore made this claim in interstate commerce.

36. Such commercial advertising by Defendants constitutes false and/or misleading statements of fact that misrepresent the nature, qualities, and characteristics of their RainBrella product in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. As a direct and proximate result of these actions, ITW has suffered and is likely to continue to suffer significant monetary damages and discernible competitive injury by the direct diversion of sales from ITW and a loss of goodwill associated with ITW's RAIN-X products.

38. Defendants' false advertising is knowing and willful.

39. ITW has suffered and is likely to continue to suffer irreparable injury, and thus is entitled to injunctive relief. ITW is also entitled to the recovery of all available damages, attorneys' fees, costs, and Defendants' profits.

40. This is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117.

**PRAYER FOR RELIEF**

WHEREFORE, ITW prays for relief against Defendants and respectfully requests an entry of judgment as follows:

1. For a Preliminary and Permanent Injunction Order that:

    a. Enjoins Defendants, their officers, agents, servants, distributors, sales associates, and employees, and all persons in active concert and participation with them, including their affiliates, from further disseminating the false and misleading advertising claims set forth in this Complaint in any form or medium;

    b. Requires Defendants to recall, withdraw, and/or retrieve all offending advertising materials from the marketplace, including product packaging; and

    c. Requires Defendants to destroy all existing copies in their control of any advertising, marketing, or promotional materials that include the false and misleading advertising claims set forth in this Complaint;

2. For an order requiring Defendants to reimburse ITW for any and all corrective advertising measures ITW may undertake to dispel the false and misleading advertising claims set forth in this Complaint;

3. For an order directing Defendants to account for, and to pay over to ITW, all gains, profits, and advantages derived by Defendants from the above-described wrongful acts;

4. For monetary damages sustained by ITW as a result of Defendants' unlawful conduct, in an amount to be proven at trial;

5. For an order multiplying or enhancing any award under Paragraphs 3 and 4 of this Prayer for Relief because of Defendants' willful and deliberate activities described herein;

6.    Directing that Defendants pay ITW the costs of this action and its reasonable attorneys' fees pursuant to 17 U.S.C. § 1117(a); and

7.    Granting ITW such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, ITW hereby demands a trial by jury.

DATED:  July 7, 2017    Respectfully submitted,

**ANDREWS KURTH KENYON LLP**

*/s/ Michael D. Morfey*
Michael D. Morfey (Attorney-In-Charge)
Texas Bar No. 24007704
Southern District Bar No. 23842
michaelmorfey@andrewskurth.com
Michele R. Blythe
Texas Bar No. 24043557
Southern District Bar No. 875151
micheleblythe@andrewskurth.com
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4200
Facsimile:  (713) 220-4285

- AND -

Of Counsel

**PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP**

Bradley L. Cohn (*pro hac vice* to be filed)
blc@pattishall.com
Ashly I. Boesche (*pro hac vice* to be filed)
aib@pattishall.com
Kristine A. Bergman (*pro hac vice* to be filed)
kab@pattishall.com
200 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
Telephone:  (312) 554-8000
Facsimile:  (312) 554-8015

*Attorneys for Plaintiff, Illinois Tool Works Inc., on behalf of its ITW Global Brands division*