# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ILLINOIS TOOL WORKS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:17-cv-02084 |
| | ) | |
| RUST-OLEUM CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S PROPOSED JURY CHARGE

## <u>JURY CHARGE</u>

**MEMBERS OF THE JURY**:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence.  The statements of counsel are not evidence; they are only arguments.  It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.  You must determine the facts from all the testimony that you have heard and the other evidence submitted.  You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.  You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.[1]

GIVEN:              _____

REFUSED:           _____

MODIFIED:          _____
_____

[1] 5th Cir. Civil Pattern Jury Instructions, § 3.1.

## **BURDEN OF PROOF**

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[2]


GIVEN:                   _____

REFUSED:              _____

MODIFIED:            _____

_____

[2] Jury Instructions, Southern District of Texas, § I.B. Burden of Proof.

## **EVIDENCE**

The evidence you are to consider consists of the testimony of the witnesses, the

documents and other exhibits admitted into evidence, and any fair inferences and

reasonable conclusions you can draw from the facts and circumstances that have

been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such

as testimony of an eyewitness. The other is indirect or circumstantial evidence.

Circumstantial evidence is evidence that proves a fact from which you can

logically conclude another fact exists. As a general rule, the law makes no

distinction between direct and circumstantial evidence, but simply requires that

you find the facts from a preponderance of all the evidence, both direct and

circumstantial.[3]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____

[3] 5th Cir. Civil Pattern Jury Instructions, § 3.3.

## **STIPULATIONS**

The parties have stipulated to the following facts.  This means that both sides agree

these stipulations are true.  You must therefore treat these facts as having been

proved, even if no evidence may have been specifically offered regarding them.[4]

GIVEN:   _____

REFUSED:  _____

MODIFIED:  _____

---

[4] Jury Instructions, Southern District of Texas, § I.H. Stipulations.

## **DEPOSITION TESTIMONY**

Certain testimony has been presented to you through a deposition.  A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers have been read to you today.  This deposition testimony is entitled to the same consideration, is to be judged by you as to credibility, and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.[5]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

---

[5] 5th Cir. Civil Pattern Jury Instructions, § 2.13.

## **<u>WITNESSES</u>**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to

prove any fact, even if a greater number of witnesses testified to the contrary, if

after considering all of the other evidence, you believe that witness.[6]


GIVEN:              _____

REFUSED:           _____

MODIFIED:          _____

_____

[6] 5th Cir. Civil Pattern Jury Instructions, § 3.4.

## **EXPERT WITNESSES**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely on it.[7]


GIVEN:            _____

REFUSED:         _____

MODIFIED:        _____

_____

[7] 5th Cir. Civil Pattern Jury Instructions, § 3.5.

## FALSE AND MISLEADING ADVERTISING

**Question Number 1**: **False Advertising**

**Do you find that Rust-Oleum is liable for false advertising for making the claim that RainBrella "Lasts 2X Longer Than RAIN-X®" and "Lasts 2X Longer" than "the leading competitor"?**

**Answer yes or no: _____**

**In answering the above question, you are instructed as follows:**

To prevail on a claim for false advertising, the plaintiff must establish, by a preponderance of the evidence, that:

(1) the defendant made a false statement of fact about its product in a commercial advertisement;

(2) the statement actually deceived or has a tendency to deceive a substantial segment of potential consumers;

(3) the deception is material, meaning it is likely to influence the purchasing decision;

(4) the defendant's product is sold in or affects interstate commerce; and

(5) the plaintiff has been or is likely to be injured as a result.[8]

With respect to element (1): the plaintiff can establish that the defendant made a false statement of fact by showing, by a preponderance of the evidence, **either** that (a) the statement is false,[9] **or** (b) any testing defendant performed was not sufficiently reliable to permit a conclusion that the statement is true. [10]  In deciding whether defendant's testing was not sufficiently reliable, you may consider whether defendant's testing was contradicted or unsupported by other tests.[11]

With respect to element (2), if a statement is literally false, it is presumed that consumers were actually deceived.[12]

With respect to element (3), if a statement is literally false, it is presumed that statement is material.[13]

_____

[8] *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000).
[9] *Eastman Chem. Co. v. Plastipure, Inc.*, 775 F.3d 230, 235 (5th Cir. 2014); *Sw. Recreational Indus., Inc. v. FieldTurf, Inc.*, No. 01-50073, 2002 WL 32783971, at *3–4 (5th Cir. Aug. 13, 2002).
[10] *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 945 (3d Cir. 1993); *Castrol, Inc. v. Quaker State Corp.*, 977 F.2d 57, 63 (2d Cir. 1992); *see also Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1309 (11th Cir. 2010).
[11] *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).
[12] *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 497 (5th Cir. 2000).

With respect to element (4), the parties have agreed that defendant's product is sold in interstate commerce.

With respect to element (5), if you should find that the defendant deliberately made a false statement about its product in comparison to the plaintiff's product, that is with knowledge of its false nature, then you may presume that the plaintiff has suffered injury as a result of such deception.[14]

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

---

[13] *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 497 (5th Cir. 2000); *Eastman Chem. Co. v. PlastiPure, Inc.*, No. A-12-CA-057-SS, 2013 WL 5918413, at *5 (W.D. Tex. Oct. 31, 2013), *aff'd*, 775 F.3d 230 (5th Cir. 2014); *Flowserve Corp. v. Hallmark Pump Co.*, No. 4:09-CV-0675, 2011 WL 1527951, at *7 (S.D. Tex. Apr. 20, 2011).
[14] *Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1332 (8th Cir. 1997).

**<u>Question Number 2</u>: False Advertising**

**Do you find that Rust-Oleum is liable for false advertising for stating in its television commercial: "And remember, RainBrella lasts twice as long as RAIN-X.  We ran it through 100 car washes to prove it."?**

**Answer yes or no: _____**

**In answering the above question, you are instructed as follows:**

To prevail on a claim for false advertising, the plaintiff  must establish, by a preponderance of the evidence, that:

(1) the defendant made a false statement of fact about its product in a commercial advertisement;

(2) the statement actually deceived or has a tendency to deceive a substantial segment of potential consumers;

(3) the deception is material, meaning it is likely to influence the purchasing decision;

(4) the defendant's product is sold in or affects interstate commerce; and

(5) the plaintiff has been or is likely to be injured as a result.[15]

With respect to element (2), if a statement is literally false, it is presumed that consumers were actually deceived.[16]

With respect to element (3), if a statement is literally false, it is presumed that statement is material.[17]

With respect to element (4), the parties have agreed that defendant's product is sold in interstate commerce.

With respect to element (5), if you should find that the defendant deliberately made a false statement about its product in comparison to the plaintiff's product, that is

─────────────────

[15] *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000); *Berg v. Symons*, 393 F. Supp. 2d 525, 558 (S.D. Tex. 2005); *Decorative Ctr. of Houston, L.P. v. Direct Response Publications, Inc.*, 208 F. Supp. 2d 719, 727–28 (S.D. Tex. 2002).

[16] *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 497 (5th Cir. 2000).

[17] *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 497 (5th Cir. 2000); *Eastman Chem. Co. v. PlastiPure, Inc.*, No. A-12-CA-057-SS, 2013 WL 5918413, at *5 (W.D. Tex. Oct. 31, 2013), *aff'd*, 775 F.3d 230 (5th Cir. 2014); *Flowserve Corp. v. Hallmark Pump Co.*, No. 4:09-CV-0675, 2011 WL 1527951, at *7 (S.D. Tex. Apr. 20, 2011).

with knowledge of its false nature, then you may presume that the plaintiff has

suffered injury as a result of such deception.[18]


GIVEN:            _____

REFUSED:          _____

MODIFIED:         _____

_____

[18] *Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1332 (8th Cir. 1997).

**<u>Question Number 3</u>: Misleading Advertising**

**Do you find that Rust-Oleum is liable for misleading advertising based on its claim that RainBrella "Lasts Over 100 Car Washes"?**

**Answer yes or no: _____**

**In answering the above question, you are instructed as follows:**

To prevail on a claim for misleading advertising, the plaintiff  must establish, by a preponderance of the evidence, that:

(1) the defendant made a misleading statement of fact about its product in a commercial advertisement;

(2) the statement actually deceived or has a tendency to deceive a substantial segment of potential consumers;

(3) the deception is material, meaning it is likely to influence the purchasing decision;

(4) the defendant's product is sold in or affects interstate commerce; and

(5) the plaintiff has been or is likely to be injured as a result.[19]

With respect to element (1), a statement is misleading if it is literally true or ambiguous, but contains a misleading message.[20]

With respect to element (2), if a statement is misleading, then you must determine whether consumers were actually deceived or have a tendency to be deceived. A presumption of actual deception can arise in one of two ways: (a) if the plaintiff can show that the defendant intentionally set out to deceive or mislead consumers[21] or (b) if the plaintiff shows the expenditure of substantial funds by the defendant in an effort to deceive consumers and influence their purchasing decisions.[22]

With respect to element (4), the parties have agreed that defendant's product is sold in interstate commerce.

--------------------------------------------------------------------

[19] *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000); *Berg v. Symons*, 393 F. Supp. 2d 525, 558 (S.D. Tex. 2005); *Decorative Ctr. of Houston, L.P. v. Direct Response Publications, Inc.*, 208 F. Supp. 2d 719, 727–28 (S.D. Tex. 2002).
[20] McCarthy on Trademarks and Unfair Competition, § 27:54 (5th ed. 2018).
[21] *Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave.*, 284 F.3d 302, 316 (1st Cir. 2002); *Porous Media Corp. v. Pall Corp.,* 110 F.3d 1329, 1333 (8th Cir.1997); *U–Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1041 (9th Cir.1986).
[22] *U–Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1041 (9th Cir.1986).

**IF YOU ANSWERED "YES" TO ANY OF QUESTION NUMBERS 1, 2, OR 3, PLEASE PROCEED.**

GIVEN:             _____

REFUSED:           _____

MODIFIED:          _____

## MONETARY RELIEF

If you decide to award monetary relief, you should be guided by dispassionate common sense. Computing monetary relief may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Illinois Tool Works prove the amount of the monetary relief it requests with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of monetary relief, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.[23]

You should consider the following types of monetary relief: (1) disgorgement of Rust-Oleum's profits, and (2) an award for corrective advertising.

I will now provide you with specific instructions for each of these types of monetary relief.

_____

[23] 5th Cir. Civil Pattern Jury Instructions, § 15.2.

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

**<u>Question Number 4</u>: Disgorgement of Profits & Amount of Award**

**Do you find that Illinois Tool Works is entitled to recover an amount of profits from Rust-Oleum?**

**Answer yes or no: _____**

**If yes, please indicate the amount you award:**

**$ _____**

**In answering the above questions, you are instructed as follows:**

You can award Illinois Tool Works the profits Rust-Oleum earned as a result of its false advertising if you find Illinois Tool Works has shown by a preponderance of the evidence that Rust-Oleum benefited from its false advertising. [24]

---

[24] *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 464 (5th Cir. 2001); 15 U.S.C. § 1117; 5 McCarthy on Trademarks and Unfair Competition § 27:43 (5th ed.).

You may award Rust-Oleum's profits even if Rust-Oleum's costs exceed its profits.[25]

In determining the amount of Rust-Oleum's profits to award, Illinois Tool Works is required to prove only Rust-Oleum's gross revenue from the sale of RAINBRELLA products.  Rust-Oleum is required to prove any costs that it believes should be deducted in determining its profits.[26]

One method you may use to determine an appropriate award is the amount of money Rust-Oleum spent on the advertisements you found include a false and/or misleading claim.[27]

---

[25] 15 U.S.C. § 1117 ("If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.").

[26] *Holiday Inns, Inc. v. Alberding*, 683 F.2d 931, 935 (5th Cir. 1982); *Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, 948 F. Supp. 2d 691, 707 (S.D. Tex. 2013) ("In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.  Thus, the burden is on the infringer to prove (1) which, if any, of those sales were not attributable to the wrongful act, and (2) deductible costs and expenses to arrive at net profits.") (internal citations omitted); 15 U.S.C. § 1117.

[27] *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1042 (9th Cir. 1986).

GIVEN:                    _____

REFUSED:                  _____

MODIFIED:                 _____

**<u>Question Number 5</u>: Corrective Advertising & Amount of Award**

**Do you find that Illinois Tool Works is entitled to a corrective advertising**

**award?**

**Answer yes or no: _____**

**If yes, please indicate the amount you award:**

**$ _____**

**In answering the above questions, you are instructed as follows:**

You can award Illinois Tool Works the estimated cost to Illinois Tool Works of

running a future campaign of corrective advertising.[28]

_____

[28] *HM Elecs., Inc. v. R.F. Techs., Inc.*, No. 12-CV-2884 BAS MDD, 2015 WL
1757804, at *3 (S.D. Cal. Apr. 17, 2015) (refusing to dismiss, on summary
judgment, plaintiff's demand for prospective corrective advertising); *A Touch of
Class Jewelry v. J.C. Penney Co.*, No. CIV. A. 98-2949, 2000 WL 1224804, at *8
(E.D. La. Aug. 28, 2000); *Novell, Inc. v. Network Trade Ctr., Inc.*, 25 F. Supp. 2d
1233, 1241 (D. Utah 1998); 5 McCarthy on Trademarks and Unfair Competition §
27:43 (5th ed.) ("Money damages may be awarded to recover from the false

One method you may use to determine an appropriate corrective advertising award is 25% of the defendant's advertising expenditures for the RAINBRELLA product.[29]   You are not limited to this method of determination, so long as the award is compensatory.

GIVEN:                 _____

REFUSED:            _____

MODIFIED:          _____

---

advertiser the actual **or estimated** costs of a campaign of corrective advertising to try to correct the untruths of defendant's advertising.") (emphasis added).
[29] *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1376 (10th Cir. 1977); *In the Matter of Amstar Corp., et al.*, 83 F.T.C. 659, 1973 WL 165279, at *9 (1973); *HM Elecs., Inc. v. R.F. Techs., Inc.*, No. 12-CV-2884 BAS MDD, 2015 WL 1757804, at *3 (S.D. Cal. Apr. 17, 2015); *Novell, Inc. v. Network Trade Ctr., Inc.*, 25 F. Supp. 2d 1233, 1241 (D. Utah 1998); *Aetna Health Care Sys., Inc. v. Health Care Choice, Inc.*, No. 84-C-642-E, 1986 WL 84362, at *18 (N.D. Okla. May 15, 1986); 5 McCarthy on Trademarks and Unfair Competition § 30:81 (5th ed.).

**<u>Question Number 6</u>: Malicious, Fraudulent, Deliberate, or Willful Acts**

**Do you find that Rust-Oleum acted maliciously, fraudulently, deliberately, or willfully when it made one or more of the advertising claims at issue in this case?**

**Answer yes or no: _____**

**In answering the above question, you are instructed as follows:**

If Rust-Oleum has acted maliciously, fraudulently, deliberately, or willfully in making false and/or misleading statements in its advertising for RAINBRELLA, the judge can award Illinois Tool Works its reasonable attorneys' fees incurred in connection with bringing this case.[30]

GIVEN:           _____

REFUSED:        _____

_____

[30] 15 U.S.C. § 1117; *Laerdal Med. Corp. v. Basic Med. Supply, LLC*, No. CV H-16-35, 2016 WL 6436557, at *4 (S.D. Tex. Oct. 31, 2016), *citing Schlotzsky's, Ltd. v. Sterling Purchasing & Nat. Distribution Co.*, 520 F.3d 393, 402 (5th Cir. 2008).

MODIFIED:        _____

## PLAINTIFF'S VERDICT FORM

We, the jury, find with respect to the claims of Plaintiff, Illinois Tool Works Inc., as follows.

1. Do you find that Rust-Oleum is liable for false advertising for making the claim that RainBrella "Lasts 2x Longer than RAIN-X® and "Lasts 2X Longer" than "the leading competitor"?

   YES_____          NO_____

2. Do you find that Rust-Oleum is liable for false advertising for stating in its television commercial:  "And remember, RainBrella lasts twice as long as RAIN-X.  We ran it through 100 car washes to prove it."?

   YES_____          NO_____

3. Do you find that Rust-Oleum is liable for misleading advertising based on its claim that RainBrella "Lasts Over 100 Car Washes"?

YES_____          NO_____

4.  Do you find that Illinois Tool Works is entitled to recover an amount of profits from Rust-Oleum?

YES_____          NO_____

    a.  If you answered YES to Question 4, please indicate the amount you award:

        $_____

5.  Do you find that Illinois Tool Works is entitled to a corrective advertising award?

YES_____          NO_____

    a.  If you answered YES to Question 5, please indicate the amount you award:

       $_____

6.  Do you find that Rust-Oleum acted maliciously, fraudulently, deliberately, or willfully when it made one or more of the advertising claims at issue in this case?

YES_____          NO_____

## **DUTY TO DELIBERATE; NOTES**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong.  But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts.  You have been allowed to take notes during this trial.  Any notes that you took during this trial are only aids to memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors.  Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes.  You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous.  After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it.  After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer.  After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom.  Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any questions.

You may now proceed to the jury room to begin your deliberations.[31]

---

[31] 5th Cir. Civil Pattern Jury Instructions, § 3.7.

Dated: <u>July 20, 2018</u>          Respectfully submitted,

**PATTISHALL, MCAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP**

*/Kristine Bergman/*
Bradley L. Cohn (admitted *pro hac vice*)
blc@pattishall.com
Ashly I. Boesche (admitted *pro hac vice*)
aib@pattishall.com
Kristine A. Bergman (admitted *pro hac vice*)
kab@pattishall.com
200 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
Telephone:  (312) 554-8000
Facsimile:  (312) 554-8015

- AND -

**HUNTON ANDREWS KURTH LLP**

Michael D. Morfey (Attorney-In-Charge)
Texas Bar No. 24007704
Southern District Bar No. 23842
MichaelMorfey@HuntonAK.com
Michele R. Blythe
Texas Bar No. 24043557
Southern District Bar No. 875151
MicheleBlythe@HuntonAK.com
600 Travis, Suite 4200
Houston, Texas  77002
Telephone:  (713) 220-4200
Facsimile:  (713) 220-4285

*Attorneys for Plaintiff Illinois Tool Works Inc.,
on behalf of its ITW Global Brands division*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 20, 2018, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Southern District of Texas by using the CM/ECF system and that service will accomplished through that system.

*/Kristine A. Bergman/*
Kristine A. Bergman

GIVEN:    _____

REFUSED:   _____

MODIFIED:   _____