UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ILLINOIS TOOL WORKS INC., on behalf of its ITW GLOBAL BRANDS division, <br><br> Plaintiff, <br><br> v. <br><br> RUST-OLEUM CORPORATION, <br><br> Defendant. | Civil Action No. 4:17-cv-02084 |

**PLAINTIFF'S MOTION FOR
PREJUDGMENT AND POST-JUDGMENT INTEREST**

On July 23, 2018, the jury returned a verdict in favor of Plaintiff, Illinois Tool Works Inc. ("ITW"), with respect to its claims of false and misleading advertising against the Defendant, Rust-Oleum Corporation ("Rust-Oleum") (*See* Dkt. No. 157). The jury awarded ITW $1,318,023 in monetary relief. ITW now moves for recovery of prejudgment and post-judgment interest.

**I.      ITW is Entitled to $56,279.67 in Prejudgment Interest.**

    **A.      Legal Standard.**

Recovery of prejudgment interest is permitted in Lanham Act cases. *Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, 948 F. Supp. 2d 691, 712 (S.D. Tex. 2013). Further, "prejudgment interest should be *presumptively available* to victims of federal law violations. Without it, compensation of the plaintiff is incomplete

and the defendant has an incentive to delay." *See Gorenstein Enters., Inc. v. Quality Care–USA, Inc.*, 874 F.2d 431, 436 (7th Cir.1989) (emphasis added); *see also United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236–37 (10th Cir.2000), *followed by Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, 948 F. Supp. 2d 691, 712 (S.D. Tex. 2013); *ClearChoice Holdings, LLC v. Clear Choice Dental, PLLC*, No. CV H-14-03569, 2016 WL 8136622, at *9 (S.D. Tex. Dec. 23, 2016); *Exxon Mobil Corp. v. Exxonmobil for Exp., Imp. & Trade Ltd.*, No. 3:12-CV-01122-P, 2013 WL 12124589, at *5 (N.D. Tex. Aug. 23, 2013). ITW should thus be awarded prejudgment interest for Rust-Oleum's violations of the Lanham Act, 15 U.S.C. §1051 *et seq*.

**B.     Calculation of Prejudgment Interest.**

The interest rate for prejudgment interest in this case is 4.27%. The prejudgment interest rate is calculated based on "the average monthly prime rate" from the date of the Lanham Act violation to the date final judgment is entered. *ClearChoice Holdings, LLC v. Clear Choice Dental, PLLC*, No. CV H-14-03569, 2016 WL 8136622, at *10 (S.D. Tex. Dec. 23, 2016); *see also Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, 948 F. Supp. 2d 691, 714 (S.D. Tex. 2013) (prejudgment interest awarded from the time the trademark infringement accrued). Here, Rust-Oleum began making the false and misleading advertising claims around November 1, 2016 (Joint Trial Ex. 42, p.2 (October 31, 2016 e-mail from

Eva Pitts regarding RainBrella at SEMA and AAPEX trade shows); *see also* Trial Transcript, July 18, 2018 PM, Cross Exam. of Sean Lavery, 61:11-19 (acknowledging that Rust-Oleum made the "Lasts 2X Longer" claim at SEMA show in November 2016)).

Based on the average monthly prime rate from November 1, 2016, through August 15, 2018, the proper prejudgment interest rate in this case is 4.27% (Bergman Decl., ¶¶ 4-7). Given this interest rate and the jury's verdict awarding $1,318,023, ITW respectfully requests pre-judgment interest of $56,279.67 (*Id*., at ¶ 8).

## II.  ITW Can Recover Post-Judgment Interest.

ITW is entitled to post-judgment interest "at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." *See* 28 U.S.C. § 1961, *cited in Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, 948 F. Supp. 2d 691, 714 (S.D. Tex. 2013). The determination of the post-judgment interest rate should be made at the time the Court enters Final Judgment. *Clearline Techs.*, 948 F. Supp. 2d at 714. As of the date of this motion, the applicable weekly average 1–year constant maturity Treasury rate for the week ending August 24, 2018 was 2.44% (Bergman Decl., ¶ 10).

## III. Local Rule 7.1(D) Statement

ITW states that, pursuant to Local Rule 7.1(D), it conferred with Rust-Oleum and the parties could not agree about the disposition of this Motion.

## IV. Conclusion.

For the reasons explained herein, ITW respectfully requests this Court include in its Final Judgment: (1) an award for pre-judgment interest at a rate of 4.27%, for a total of $56,279.67, and (2) an award for post-judgment interest at a rate of 2.44%, if appropriate, or such other rate to be determined at the time the Final Judgment is entered.

Dated: <u>August 28, 2018</u>     Respectfully submitted,

**PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP**

*/Kristine Bergman/*
Bradley L. Cohn (admitted *pro hac vice*)
blc@pattishall.com
Ashly I. Boesche (admitted *pro hac vice*)
aib@pattishall.com
Kristine A. Bergman (admitted *pro hac vice*)
kab@pattishall.com
200 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
Telephone: (312) 554-8000
Facsimile: (312) 554-8015

- AND -

**HUNTON ANDREWS KURTH LLP**

-5-

        Michael D. Morfey (Attorney-In-Charge)
        Texas Bar No. 24007704
        Southern District Bar No. 23842
        MichaelMorfey@HuntonAK.com
        Michele R. Blythe
        Texas Bar No. 24043557
        Southern District Bar No. 875151
        MicheleBlythe@HuntonAK.com
        600 Travis, Suite 4200
        Houston, Texas 77002
        Telephone: (713) 220-4200
        Facsimile: (713) 220-4285

        *Attorneys for Plaintiff Illinois Tool Works Inc.,*
        *on behalf of its ITW Global Brands division*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2018, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Southern District of Texas by using the CM/ECF system and that service will accomplished through that system.

>*/Kristine A. Bergman/*
>Kristine A. Bergman